

FILED

11/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0487

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0487

_____

FILED

NOV 1 0 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF:

J.H.,                                                                 O R D E R

    A Youth in Need of Care.

_____

On October 9, 2020, the Appellate Defender Division (ADD), on behalf of Appellant Father K.P.H., petitioned for leave to file an out-of-time appeal on Father's behalf in the above-titled matter, pursuant to M. R. App. P. 4(6). No objection was noted and late afternoon on October 20, 2020, we granted Father's request for an out-of-time appeal based primarily on there being no indication of any objection and the untimeliness of the appeal occurred through no fault of Father. On October 22, 2020, ADD filed an Amended Petition for Out-of-Time Appeal requesting this Court reconsider the matter based on the Adoptive Father's position that he was not given time to file a written objection to the Petition.[1]

In response, Adoptive Father has now filed a Motion to Strike and Deny the Amended Petition for Out-of-Time Appeal together with supporting exhibits objecting to permitting Father's out of time appeal.

As previously outlined in Father's original request for an out-of-time appeal, Father was involved in a private adoption action seeking termination of his parental rights. An evidentiary hearing was held on August 19, 2020. On August 25, 2020, a document entitled, "Petitioner's

_____

[1] It appears from this amended request, Father's counsel was attempting to advise this Court that he had not indicated in his original request for an out-of-time appeal that the Adoptive Father objected rather than Adoptive Father not being given any time to file a written response. Our original Order granting the out-of-time appeal was issued on the 11th day following service of the initial petition. M. R. App. P. 16 requires response "within 11 days after service" of the out-of-time appeal request.

Proposed Findings of Fact, Conclusions of Law and Order" was filed. In its heading, this document contained the name and contact information for petitioner's attorney who prepared and submitted the document to the court for consideration. This *proposed* document was signed and dated by District Court Judge Marks. On September 16, 2020 the District Court issued a Decree of Adoption—containing Judge Marks' name and contact information in the heading. In the Decree of Adoption, the prior "proposed findings" were referenced as an actual court order, not merely a proposed document, terminating Father's parental rights. Upon receipt of the Decree of Adoption, Father's trial counsel contacted ADD to attempt to preserve Father's right to appeal. ADD advised Petitioner's counsel was contacted but did not respond as to Petitioner's position on the out-of-time appeal request.

In addition to not noting Adoptive Father's objection, Father's rendition of events in his original request for an out-of-time appeal lacked some important detail. Prior to filing the private adoption action, Father was convicted in the State of Washington of several offenses including two counts of rape of a child with aggravating circumstances, child molestation with aggravating circumstances, and distribution of a controlled substance. He was sentenced on February 3, 2017 to an indeterminate sentence of 312 months to life on one of the rape offenses, 60 months on the other rape offense, 116 months on the child molestation offense, and 102 months on the distribution offense, all consecutive imprisonment sentences. Prior to receiving the Decree of Adoption referencing the proposed findings as an actual order, Adoptive Father had filed a Motion to Schedule a hearing and on September 3, 2020, Judge Marks issued an Order, which was provided to Father's counsel, setting hearing on September 15, 2020. The Order Granting Hearing specifically noted the purpose of the hearing was to enter an Order of Adoption Decree. Father's counsel had notice and opportunity to appear at the September 15, 2020 hearing and cannot reasonably claim confusion that a Decree of Adoption was entered on the day following the hearing where the sole purpose of the hearing was to enter an order of adoption. Father's trial counsel asserts there was confusion on his part in that counsel mistakenly thought the document entitled "Petitioner's Proposed Findings of Fact, Conclusions of Law and Order" was merely a document proposed by petitioner, not an actual order terminating Father's parental rights. While perhaps counsel had some confusion in this regard, counsel was aware of the

2

September 15, 2020 hearing and its purpose and aware on September 16, 2020 of the Decree of Adoption and did not file an appeal within 30 days of the Decree of Adoption.

We grant out-of-time appeals under M. R. App. P. 4(6) in the "infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice." But, "[e]xtraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect." M. R. App. P. 4(6). After receiving additional information, we conclude that although the untimeliness of Father's appeal is through no fault of his own, counsel's failure to timely file the appeal was based on mere mistake or inadvertence and denial of Father's request for an out-of-time appeal will not result in a gross miscarriage of justice.

IT IS THEREFORE ORDERED that this Court's October 20, 2020 Order is VACATED.

IT IS FURTHER ORDERED that the amended petition for leave to file an out-of-time appeal is DENIED.

The Clerk of this Court is directed to provide copies of this Order to all counsel of record.

DATED this 10 day of November, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3